M. JOHNSON V. THE STATE.

No. 2527.   Decided June 11, 1913.

**Burglary—Charge of Court—Peremptory Instructions to Acquit.**

   Where, upon trial of burglary of a private residence, the evidence sustained the case, although circumstantial, there was no error in refusing a peremptory instruction to acquit, and the conviction was sustained under a proper charge of the court.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary of a private residence, his punishment being assessed at five years confinement in the penitentiary.

The State's case was one of circumstantial evidence.   The house was entered, and among other things taken was a watch of the alleged owner, which was found in possession of appellant shortly afterwards.   His theory of the case was he made the purchase of the watch from a jewelry peddler.   The jury evidently did not believe his testimony, and as presented in the record they were justified in their conclusion.   The issues of the case were appropriately submitted.   Appellant relies mainly upon two propositions, first, the evidence is not sufficient, and, second, the court erred in not peremptorily instructing the jury to acquit upon his theory of purchase.   We are of opinion neither contention can be justly sustained.   The evidence justified the jury in their conclusion, and the court did not err in refusing to peremptorily instructing the jury to return a verdict of not guilty.   His theory was submitted to the jury, and they found against him.

Finding no reversible error in the record the judgment is ordered to be affirmed.

*Affirmed.*